**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CEDRIC MCCULLUM**                                               **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 1:11cv69-HSO-JMR**

**MIKE BYRD**                                                **DEFENDANTS**
_____

**REPORT & RECOMMENDATIONS**

This matter comes before the Court, *sua sponte*, due to the failure of Plaintiff, Cedric McCullum, to advise the Court of a change of his address. The Plaintiff was advised of his duty to inform the Court of any change of address by Order [11] issued on August 4, 2011, and by Order [18] issued on January 19, 2012. As the Plaintiff had made no contact with the Court since August 24, 2011, when he filed a Response [12] to this Court's Order to Show Cause and has failed to respond to a Motion [13] for Summary Judgment filed September 12, 2011, the Court issued an Order [18] to Show Cause why the action should not be dismissed for failure to prosecute.

In an effort to ascertain Plaintiff's whereabouts, the Court utilized the Mississippi Department of Corrections website o determine whether Plaintiff had been transferred within the custody of the MDOC. The Inmate Search revealed a "Cedric McCullum" currently incarcerated at the East Mississippi Correctional Facility, Unit 2. On January 19, 2012, this Court entered an Order to Show Cause to Plaintiff instructing him to inform the Court why the present action should not be dismissed for failure to prosecute. Order [18]. The Order was mailed to the Plaintiff at his last known address - the South Mississippi Correctional Institution- and the address found by this Court in its independent search of the MDOC-the East Mississippi Correctional Facility - by certified mail, return receipt requested. *Id.* The Order granted the Plaintiff twenty days to notify the Court of

a change in address or file a response to the Defendant's Motion [13] for Summary Judgement. The Plaintiff has failed to do so.

## ANALYSIS

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a Plaintiff's action with prejudice

because of failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962).  *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Plaintiff's failure to comply with this Court's orders has caused considerable delay.  To date, Plaintiff has failed to respond to the Defendant's Motion [13] for Summary Judgment filed September 12, 2011, or update his address or respond to the January 18, 2012,  Order [18] to Show Cause.  Plaintiff has not taken any action in prosecuting the instant case since filing his Complaint [1] in February of 2011 with the one exception of an August 4, 2011, reply to an Order [11] to Show Cause for failure to appear at an Omnibus Hearing.  Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases.  Furthermore, this Court is of the opinion that Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on January 19, 2012. Therefore, this Court finds that this case should be dismissed without prejudice for Plaintiff's failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations

contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

    SO ORDERED this the __23rd__ day of February, 2012.

                                                            _s/ John M. Roper, Sr._
                                        CHIEF UNITED STATES MAGISTRATE JUDGE